**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
|  |  |  |  |
|---|---|---|---|
| IN RE: | ) | CASE No. | 18-50631 (JAM) |
|  | ) |  |  |
| REPUBLIC, LLC, | ) | CHAPTER | 11 |
|  | ) |  |  |
| DEBTOR. | ) | Re: ECF No. | 4 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### MEMORANDUM OF DECISION DISMISSING CHAPTER 11 CASE FOR CAUSE

On May 18, 2018, Republic, LLC (the "Debtor"), commenced this case by filing a voluntary Chapter 11 petition (the "Petition," ECF No. 1). According to the Petition, the Debtor is a single asset real estate business as defined in 11 U.S.C. § 101(51)(B). The Debtor's real estate is located at 1001-1007 East Main Street, Bridgeport, CT 06604 (the "Property"). The Petition identifies Angluif, LLC as the Debtor's Managing Member ("Angluif"), and Jose Luis Fornis as Angluif's Managing Member ("Mr. Fornis").

After the Petition was filed, a Deficiency Notice and Notice of Dismissal of Case for Failure to Cure Deficiency was issued (the "Deficiency Notice," ECF No. 3). The Deficiency Notice provided the Debtor with notice that failure to file its Schedules A/B, C, D, E/F, G, H, I, and J, Summary of Assets and Liabilities, Statement of Financial Affairs, Attorney's Disclosure of Compensation, List of Equity Security Holders, and Statement of Corporate Ownership within fourteen days of the filing of the Petition, would result in dismissal of the Debtor's case.

On May 21, 2018, an Order Scheduling Initial Chapter 11 Case Management Conference was issued in the Debtor's case (the "Case Management Order," ECF No. 4). The Case Management Order scheduled the initial Chapter 11 Case Management Conference to be held on June 5, 2018 at 10:00 a.m. (the "Case Management Conference"). The Case Management Order

required the "Debtor, or an authorized representative of the Debtor, and counsel for the Debtor" to appear at the Case Management Conference and be prepared to discuss, among other things, the nature of the Debtor's business, the reason for the Chapter 11 filing, the Debtor's financial condition, operations, and revenue, and the Debtor's capital and corporate structure.[1] In addition, the Case Management Order provided that an "[u]nexcused failure to attend any Case Management Conference . . . may constitute cause for . . . dismissal of this case pursuant to 11 U.S.C. § 1112."

On May 25, 2018, the Debtor filed a Request for Continuance of Initial Hearing Only (the "Continuance Request," ECF No. 8). The Continuance Request: (i) asked that the Case Management Conference be continued to June 19, 2018, because counsel for Debtor was going to be on vacation; and (ii) stated that the request was made with the consent of all parties. On May 29, 2018, People's United Bank N.A. ("People's"), objected to the Debtor's Continuance Request asserting that despite the Debtor's representations, People's did not consent to the requested continuance—it took no position on the Request. People's also noted the pending Deficiency Notice and requested that if a continuance was granted, it should be brief because the Debtor's Petition was skeletal and not accompanied by any Statements or Schedules. (ECF No.

---

[1] The eighteen matters listed in the Case Management Order that the Debtor needed to be prepared to discuss at the Case Management Conference are as follows: (1) The nature of the Debtor's business and the reason(s) for the Chapter 11 filing; (2) the Debtor's current financial condition, including post−petition operations and revenue; (3) Debtor−in−possession financing; (4) the use of cash collateral; (5) the Debtor's capital structure; (6) the Debtor's corporate structure, including subsidiaries and affiliates (specifying the names and positions of the Debtor's officers, directors or managing members); (7) any significant motions which the Debtor anticipates bringing before the Court including, but not limited to, sale motions or motions related to management retention, collective bargaining or health and welfare benefits; (8) matters relating to the retention of professionals (including any brokers, financial advisors or appraisers); (9) the status of any material litigation involving the Debtor; (10) the status of the Debtor's insurance; (11) proposed deadlines for the filing of claims and a Plan and Disclosure Statement; (12) the use of alternative dispute resolution, if appropriate; (13) if this is a single asset real estate case, whether the Debtor intends to file a plan within the time allotted pursuant to § 362(d)(3)(A), or whether the Debtor intends to commence monthly payments pursuant to § 362(d)(3)(B); (14) if this is a small business case, whether the Debtor anticipates being able to satisfy the deadlines provided by § 1121(e); (15) if this is an individual case, all material issues unique to individual chapter 11 cases; (16) the scheduling of additional Case Management Conferences; (17) any other case administrative matters; and (18) the proposed management of reclamation claims.

11). The Court denied the Continuance Request for insufficient service. On May 30, 2018, the Debtors filed an Amended Request for Continuance of Initial Hearing (ECF No. 14). On June 1, 2018, the Court Granted the Debtor's Amended Request for Continuance and the Case Management Conference was continued to June 19, 2018 at 10:00 a.m. (ECF No. 16).

On June 13, 2018, People's filed a Motion for Rule 2004 Examination of Mr. Mark Carite, who purportedly owns a forty-nine percent (49%) interest in the Debtor. (ECF No. 27). Mr. Carite is listed on the Debtor's Statement of Financial Affairs as an insider to whom the Debtor transferred an interest within one year of filing the case, and as a Member owning a forty-nine percent (49%) interest in the Debtor (ECF No. 18). On June 15, 2018, the Debtor filed a Motion for Order Enforcing Automatic Stay and Imposing Sanctions (the "Motion to Enforce Stay," ECF No. 28), alleging that Mr. Eric Salinas and JP Greenwich Holdings LLC ("Salinas" and "JP Greenwich," respectively), locked the Debtor out of the Property. The Motion to Enforce Stay argues that both Salinas and JP Greenwich were put on notice of the stay and must be forced to vacate and turn the Property over to the Debtor. However, Exhibit A to the Motion to Enforce Stay states that Angluif and Mr. Fornis were locked out of the Property on March 1, 2018, more than two months before the Debtor's case was filed.

During the continued Case Management Conference held on June 19, 2018, the Debtor's counsel, counsel for People's, and the Office of the United States Trustee (the "UST"), appeared. Despite the clear and unambiguous provisions of the Case Management Order, neither the Debtor nor its representative—identified by the Debtor's counsel as Mr. Fornis—appeared. The Debtor's counsel informed the Court that Mr. Fornis was in Spain dealing with family issues. He was unable to explain why the Debtor or the Debtor's representative did not seek to be excused from attending the continued Case Management Conference or why a second motion for

3

continuance had not been filed. He was also unable to properly address the eighteen issues identified in the Case Management Order. Both counsel for People's and the UST indicated that there were many open questions regarding the Debtor's business, source of income, and ability to reorganize, even after the Section 341 meeting held on June 11, 2018. Due to the issues raised during the Case Management Conference, including the Debtor's failure to comply with the continued Case Management Order, the issue of whether the Debtor's case should be dismissed was taken under advisement.

**I.     Courts Have the Power to Dismiss a Case *Sua Sponte* for Cause**

Pursuant to the relevant provisions of 11 U.S.C. §1112,

> **(b)(1)** Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b). In 1986, Congress added the following language to 11 U.S.C. § 105(a):

> No provision of this title providing for the raising of an issue by a party shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

*Pleasant Pointe Apartments, Ltd. v. Kentucky Hous. Corp.*, 139 B.R. 828, 831 (W.D. Ky. 1992) (quoting 11 U.S.C. § 105(a)). In *Pleasant Pointe*, the court discussed the evolution of a court's *sua sponte* dismissal powers under 11 U.S.C. § 1112(b), finding that after the 1986 amendments to 11 U.S.C. 105(a), "the fact that section 1112(b) requires a party or trustee to request dismissal or conversion does not preclude bankruptcy courts from evaluating a Chapter 11 petition and, on its own initiative, dismissing or converting that petition for cause." *Id.* The district court in *Pleasant Pointe* ultimately sustained the bankruptcy court's *sua sponte* dismissal of a Chapter 11

4

Petition found to be in bad faith, and that a lack of good faith in filing constituted cause for dismissal. *Id.*

"A bankruptcy court may dismiss a bad faith filing on an interested party's motion or *sua sponte*." *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1310 (2d Cir. 1997) (the Second Circuit affirmed the bankruptcy court's finding that the Chapter 11 filing was made with no hope of reorganization when foreclosure was imminent). In affirming another bankruptcy court's *sua sponte* dismissal for cause, the Second Circuit discussed *Pleasant Pointe's* holding that a *sua sponte* dismissal should stand if the factual determinations made by the bankruptcy court were not clearly erroneous. *Id.* at 1311. If the record "is sufficiently well developed to allow the bankruptcy court to draw the necessary inferences to dismiss a Chapter 11 case for cause, the bankruptcy court may do so." *Id.* at 1312. The "notice and hearing" requirement before dismissal is defined by the statute as "mean[ing] after such notice as is appropriate under the particular circumstances, and as such opportunity for a hearing as is appropriate under the particular circumstances." *Id.* (quoting 11 U.S.C. § 102(1)(A)).

Here, the record shows that the Debtor has no hope of reorganizing. Angluif and Mr. Fornis admit that they lack access to the Property—the single asset in this case. Furthermore, the Debtor is not sure if rent generated by the Property is being collected and is also not sure who owns the remaining interest in the Debtor or whether that interest had been sold. Finally, despite being ordered to do so, the Debtor did not appear at the continued Case Management Conference. Because the Case Management Order gave clear notice that the failure to comply with its provisions may lead to dismissal, the Debtor has been on notice of a potential dismissal of its case since at least May 21, 2018, the date the Case Management Order was issued.

**II.     Cause exists to dismiss the Debtor's Chapter 11 Case for Bad Faith.**

If, at the date of filing, "a debtor has no reasonable probability of emerging from the bankruptcy proceedings and no realistic chance of reorganizing, then the Chapter 11 petition may be frivolous." *Baker v. Latham Sparrowbush Assoc. (In re Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222, 227 (2d Cir. 1991). In a single asset case, several factors can be indicative of a bad faith filing:

> (1) the debtor has only one asset;
> (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
> (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
> (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
> (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
> (6) the debtor has little or no cash flow;
> (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and
> (8) the debtor has no employees.

*In re C–TC 9th Ave. P'ship*, 113 F.3d at 1311 (quoting *Pleasant Pointe Apartments, Ltd.*, 139 B.R. at 832); *see also In re First Connecticut Consulting Grp., Inc.,* No. MISC. 04-101, 2004 WL 1676211, at *11 (Bankr. D. Vt. July 27, 2004), *aff'd,* 340 B.R. 210 (D. Vt. 2006), *aff'd,* 254 F. App'x 64 (2d Cir. 2007).

As noted above, the Debtor admits that it no longer has possession of the Property, its only asset, having been locked out more than two months prior to filing its Petition. According to its Schedules, the Debtor has few unsecured creditors with claims that are small in relation to that of its main secured creditor, People's, who commenced a foreclosure proceeding prior to the filing of the Debtor's case. In an attempt to demonstrate a possibility of reorganization, the Debtor filed the Motion to Enforce the Stay to try to regain possession of the Property.

6

Unfortunately for the Debtor, there was no automatic stay in place when Salinas and JP Greenwich allegedly "locked" the Debtor out of the Property. Therefore, there is no basis to grant the relief sought in the Motion to Enforce Stay.

The Debtor's case is essentially a two party dispute between the Debtor and People's and the timing of the filing evidences an intent to delay the foreclosure action. In addition, both the Debtor's counsel and the Debtor's Schedules have admitted that the Debtor has no cash flow and cannot meet its current expenses. Finally, whether or not the Debtor has any employees, which is unlikely, is not explicit in the record, but would not sway this Court's finding of bad faith based on the other factors. The facts surrounding the Debtor's case meet enough of the indicative factors presented in *In re C-TC 9th Avenue Partnership*, 113 F.3d at 1311, to demonstrate that the Debtor's case was filed in bad faith and should be dismissed.

**III.    Cause also exists to dismiss the Debtor's Chapter 11 Case under 11 U.S.C. § 1112(b)(4).**

Section 1112(b)(4) provides a list of examples of "cause" which is

> not exhaustive, however, and it has been established since the adoption of § 1112 that Congress used the word "includes" purposefully and that the grounds listed in the statute are non-exclusive. The statute reflects Congress' determination that a case should not be permitted to linger in Chapter 11 when there are grounds for conversion [or dismissal].

*In re Ameribuild Constr. Mgmt., Inc.,* 399 B.R. 129, 131–32 (Bankr. S.D.N.Y.2009). In this case, there is cause for dismissal for gross mismanagement of the estate and failure to follow an order of the court. *See* 11 U.S.C. 1112(b)(4)(B) and (E).

   A.    *Gross Mismanagement of the Estate under 11 U.S.C. § 1112(b)(4)(B).*

"Gross mismanagement of the estate" is "cause" for dismissal or conversion. 11 U.S.C § 1112(b)(4)(B); *see In re Halal 4 U LLC*, No. 08-15216 (MG), 2010 WL 3810860, at *4 (Bankr. S.D.N.Y. Sept. 24, 2010) (the debtor failed to accurately represent its interests in the properties

7

at issue or submit monthly operating reports that "satisfactorily depict the Debtor's income and expenses by the property.").

The United States Trustee stated on the record during the Case Management Conference that although he appeared at the Section 341 meeting held on June 11, 2018, Mr. Fornis could not provide information on the Debtor's source of income (rental monies), or whether a forty-nine percent (49%) interest in the Debtor had been sold to a third party. Additionally, the Debtor's counsel stated that Mr. Fornis was locked out of the Property, evidencing that the Debtor had no access to its only asset in this single asset Chapter 11 case. These facts, which the Debtor has not contested, are evidence of gross mismanagement of the Debtor's estate.

### B. Failure to Comply with an Order of the Court under 11 U.S.C. § 1112(b)(4)(E).

Failure to comply with an order of the court constitutes "cause" for dismissal or conversion of a Chapter 11 case. 11 U.S.C. § 1112(b)(4)(E). "The statute is written in the singular; thus failure to comply with a single order is sufficient for cause." *In re YBA Nineteen, LLC*, 505 B.R. 289, 303 (S.D. Cal. 2014) (quoting *In re Bijelonic*, No. CV11-8077-JVS, 2012 WL 2263289, at *4 (C.D.Cal. June 15, 2012)).

The Case Management Order clearly states that the "Debtor, or an authorized representative of the Debtor (knowledgeable on the matters described below), *and* counsel for the Debtor" must be present and prepared to discuss, among other things, the eighteen items listed above (emphasis added). Although the Debtor's counsel was present, the Debtor or its authorized representative with knowledge of the listed matters was not. No evidence was presented by the Debtor or the Debtor's counsel to support a finding that the Debtor was excused from attending the continued Case Management Conference. The Debtor's failure to comply with the Case Management Order constitutes cause for dismissal.

## IV. Conclusion

This Court has the authority to dismiss a Chapter 11 case *sua sponte* for cause. Cause for dismissal exists in this case because there is uncontested evidence that: (i) the Debtor's Chapter 11 case was a bad faith filing, *See In re C-TC 9th Ave. P'ship*, 113 F.3d at 1311 (quoting *Pleasant Pointe Apartments, Ltd.*, 139 B.R. at 832); (ii) there has been gross mismanagement of the estate under 11 U.S.C. § 1112(b)(4)(B); and (iii) the Debtor failed to comply with the Case Management Order, *see* 11 U.S.C. 1112(b)(4)(E). For the reasons set forth above, it is hereby

**ORDERED:** The Debtor's Chapter 11 case is **DISMISSED.**

Dated at Bridgeport, Connecticut this 26th day of June, 2018.

Julie A. Manning
Chief United States Bankruptcy Judge
District of Connecticut